UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| RAB LIGHTING INC., | Case No. |
| Plaintiff, | |
| v. | COMPLAINT FOR PATENT INFRINGEMENT, BREACH OF CONTRACT AND TRADE SECRET MISAPPROPRIATION |
| ABB LIGHTING, INC., GENERPOWER (SHANGHAI) CO., LTD AND GP ENERGY (SHANGHAI) CO., LTD | |
| Defendants. | DEMAND FOR JURY TRIAL |

Plaintiff RAB Lighting Inc. ("RAB") brings this Complaint against ABB Lighting, Inc. ("ABB"), GenerPower (Shanghai) Co., Ltd. ("GenerPower"), and GP Energy (Shanghai) Co., Ltd. ("GP Energy") (collectively, "Defendants") to halt Defendants' infringement of RAB's patent rights, breach of contract and misappropriation of trade secrets. In support of its Complaint, RAB alleges:

<u>Parties, Jurisdiction and Venue</u>

1.      Plaintiff RAB is a New York corporation having its principal place of business located at 170 Ludlow Ave, Northvale, NJ 07647. RAB is primarily in the business of designing, developing, marketing, distributing and selling lighting products including LED light fixtures.

2.      On information and belief, Defendant ABB is a Delaware corporation having its principal place of business located at 1501 Industrial Way N, Toms River, NJ 08755.

3.      On information and belief, Defendant GP Energy is a China corporation having its principal place of business located at 6/F North, No. 100 Qinzhou Road, Shanghai Innovation Center, Shanghai, China.

4.      On information and belief, Defendant GenerPower is a China corporation having its principal place of business located at 3/F North, No. 100 Qinzhou Road, Shanghai Innovation Center, Shanghai, China.

5.      Upon information and belief, GenerPower and GP Energy are the same legal entity operating under different names. Jeff Liu and Angel Yu serve as the principals and managers of both organizations. The websites for each organization are virtually identical and offer many of the same products. The organizations are located in the same building at No. 100 Qinzhou Road, Shanghai Innovation Center, Shanghai, China. Significantly, the GenerPower and GP Energy websites display business certificates with the same registration numbers. GenerPower and GP Energy are referred to collectively herein as "GP."

6.      On information and belief, ABB is the United States arm of GP and GP exercises direction and control over ABB.

7.      On information and belief, in doing the acts and engaging in the conduct alleged throughout this Complaint, each of the Defendants was the agent, principal, employee, servant, employer, successor, alter ego, joint venturer, partner and/or co-conspirator of each of the other Defendants in this action. On information and belief, each of the Defendants were, at all relevant times mentioned herein, acting within the course and scope of such capacities and with the consent of, the remaining Defendants. Wherever reference is made herein to an act of one of the Defendants, such allegation shall be deemed to mean the acts of such Defendant and each of the other Defendants, acting individually, jointly and severally.

8.      This Court has subject matter jurisdiction over RAB's claims under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents); and 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Venue is proper under 28 U.S.C. § 1391(b) and this Court has personal jurisdiction over Defendants because each of these entities has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are offered for sale, sold and used in the State of New York, including this District. The acts of Defendants cause injury to RAB within this District. Upon information and belief, Defendants have, and continue to, offer for sale, sell and use infringing products within this District, have engaged in actions that misappropriate RAB's trade secrets or other confidential material, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce related to such conduct.

10. GP Energy entered into a Non-Disclosure Agreement with RAB which forms part of the basis for this Complaint. Pursuant to the Non-Disclosure Agreement, GP Energy consents to the jurisdiction of this Court with respect to any dispute pertaining to the Non-Disclosure Agreement. The Non-Disclosure Agreement further provides that it should be interpreted under New York law and that any dispute pertaining to the Non-Disclosure Agreement should be resolved by a New York court.

<u>RAB Patent Rights</u>

11. RAB was founded nearly 70 years ago and has been selling light fixtures and related products continuously since at least 1948. RAB sells LED light fixtures, other light fixtures, and related products across the United States and is well-known in the commercial lighting industry.

12.     RAB owns the following United States design patents and United States utility

patent in connection with light fixtures, among other patents, each of which was duly and

lawfully issued by the United States Patent Office on the dates identified below:

| US Patent Number | Title | Issue Date |
| --- | --- | --- |
| D547484 (the "D'484 Patent") | Light fixture | July 24, 2007 |
| D569029 (the "D'029 Patent") | Light fixture | May 13, 2008 |
| D691320 (the "D'320 Patent") | Slim wallpack light fixture | October 8,2013 |
| D690453 (the "D'453 Patent") | High bay LED light fixture | September 24, 2013 |
| D579141 (the "D'141 Patent") | Area light | October 21, 2008 |
| D612975 (the "D'975 Patent") | Square step light | March 30, 2010 |
| D643147 (the "D'147 Patent") | LED flood light | August 9, 2011 |
| D747534 (the "D'534 Patent") | Canopy LED light fixture with fins | January 12, 2016 |
| 9,273,863 (the "'863 Airflow Patent") | Light fixture with airflow passage separating driver and emitter | March 1, 2016 |

True and correct copies of the above patents are attached as Exhibit A (each a "Patent" and

collectively the "Patents"). Each of the Patents is valid and enforceable.

13.     The United States patent laws grant the holder of a patent the right to exclude

infringers from making, using, selling or importing the invention claimed in a patent, and to

recover damages for the infringer's violations of these rights, including treble damages where the

infringer willfully infringed the patent. RAB has the right to sue upon and recover damages for infringement of each of the Patents.

Defendants' Patent Infringement

14.     On information and belief, ABB offers for sale and sells LED light fixtures and related products across the United States including in this District.

15.     On information and belief, GP manufactures LED light fixtures and related products in China and imports such products to the United States for sale in this District and elsewhere.

16.     On information and belief, ABB purchases LED light fixtures from GenerPower for resale in the United States, including the accused light fixtures identified in this Complaint.

17.     On information and belief, ABB and GenerPower, individually and in concert an participation with each other and with GP Energy, have made, used, imported, offered for sale or sold in the United States the following products, each of which infringes one or more of the Patents: LED Parking Garage Light, LED Canopy Light, LED Security Light, LED Slim Wall Pack, LED High Bay Light, LED Wall Pack, Low Wattage LED Slim Wall Pack, LS Parking Garage Light, and LED V-Line Flood Light (each an "Accused Product" and collectively the "Accused Products").

18.     On information and belief, rather than innovate and develop their own light fixture designs, Defendants deliberately and willfully chose to copy RAB's designs to profit from the success RAB has enjoyed in connection with its innovative light fixture designs. Defendants further willfully and deliberately infringed RAB's '863 Airflow Patent.

19.     As shown by the side-by-side comparison below, Defendants' LED Parking Garage Light and LED Canopy Light infringe the design claimed in RAB's D'484 Patent.

| D'484 Fig. 1 | LED Parking Garage Light<br>LED Canopy Light |
|:---:|:---:|

 

20.     As shown by the side-by-side comparison below, Defendants' LED Security Light infringes the design claimed in RAB's D'029 Patent.

| D'029 Fig. 1 | LED Security Light |
|:---:|:---:|

 

21.    As shown by the side-by-side comparison below, Defendants' LED Slim Wall Pack infringes the design claimed in RAB's D'320 Patent.

D'320 Fig. 1                                 LED Slim Wall Pack

                        

22.    As shown by the side-by-side comparison below, Defendants' LED High Bay Light infringes the design claimed in RAB's D'453 Patent.

D'453 Fig. 2                                 LED High Bay Light

                        

23.    As shown by the side-by-side comparison below, Defendants' LED Wall Pack infringes the design claimed in RAB's D'141 patent.

D'141 Fig. 1                                 LED Wall Pack

                        

24.     As shown by the side-by-side comparison below, Defendants' Low Wattage LED Slim Wall Pack infringes the design claimed in RAB's D'975 Patent.

D'975 Fig. 1                          Low Wattage LED Slim Wall Pack




25.     As shown by the side-by-side comparison below, Defendants' LS Parking Garage Light infringes the design claimed in RAB's D'534 Patent.

D'534 Fig. 2                          LS Parking Garage Light




26.     As shown by the side-by-side comparison below, Defendants' LED V-Line Flood Light infringes the design claimed in RAB's D'147 patent.

D'147 Fig. 1                          LED V-Line Flood Light




27.     As shown in the chart attached as Exhibit B, Defendants' LED V-Line Flood Light infringes on claims 1-2, 4-11, 15-16, 18, and 20-25 of the '863 Airflow Patent.

28.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer substantial damages and irreparable injury.

29.     RAB has no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to RAB.

30.     RAB cannot ascertain the precise amount of its damages at this time.

31.     Because Defendants' infringement is willful and deliberate, RAB is entitled to increased damages under 35 U.S.C. § 284, to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 and to Defendants' total profits from the sales of the Accused Products under 35 U.S.C. § 289.

<u>Defendants' Breach of Contract and Misappropriation of Trade Secrets</u>

32.     In 2014, GP Energy expressed an interest in manufacturing LED light fixtures for RAB. As part of these discussions, GP Energy agreed to participate in a process through which RAB could evaluate GP Energy's suitability as a supplier and ensure that GP Energy would manufacture to RAB's high quality standards.

33.     On or about December 5, 2014, RAB and GP Energy entered into a Non-Disclosure Agreement. Thereafter, RAB provided GP Energy with technical drawings for four of RAB's LED light fixtures, including two of RAB's most important fixtures – the FFLED fixture and the SLIM wall pack fixture.

34.     The design of RAB's FFLED fixture is protected by the D'145 Patent and the airflow technology used in RAB's FFLED fixture is protected by the '863 Airflow Patent. The design of RAB's SLIM wall pack fixture is protected by the D'975 Patent.

35.     For a period of nearly a year after RAB and GP Energy executed the Non-Disclosure Agreement, RAB worked with GP Energy to meet RAB's production standards for LED light fixtures, and the FFLED fixture in particular. In so doing, RAB revealed trade secrets and confidential information to GP Energy that are valuable to RAB's business and that RAB takes reasonable measures to protect.

36.     The confidential information and trade secrets that RAB revealed to GP Energy included: (a) technical drawings; (b) product and tooling tolerances; (c) painting and pre-cleaning processes; and (d) manufacturing processes.

37.     GP Energy produced tooling using RAB technical drawings and other RAB confidential and trade secret information. GP Energy used the tooling to produce samples of the FFLED for RAB's review and RAB provided feedback identifying deficiencies and advice for improving manufacture.

38.     The information and materials provided to GP Energy by RAB under the Non-Disclosure Agreement were and are protectable as trade secrets under New York common law ("RAB Trade Secrets"). RAB has expended substantial time, personnel and other resources to develop and maintain the RAB Trade Secrets.

39.     The RAB Trade Secrets were and are critical to maintaining RAB's competitive advantage within the lighting industry and the continuous operation of RAB's business, are otherwise not known outside of RAB, its employees and others involved in its business, would be difficult if not impossible for others to properly acquire or independently duplicate, and are subject to measures to guard their secrecy.

40.     On information and belief, GP Energy for itself and operating as GenerPower, used RAB confidential information and Trade Secrets to manufacture fixtures for sale to ABB and to others, all in violation of the Non-Disclosure Agreement.

41.     On information and belief, GP Energy failed to return all of the technical drawings, tooling and other RAB Trade Secrets and confidential information when requested by RAB, all in violation of the Non-Disclosure Agreement.

42.     The Non-Disclosure Agreement provides for interpretation and resolution of disputes pertaining to the Non-Disclosure Agreement under New York law by New York courts, and entitles RAB to recover its attorney's fees on that part of the action on which RAB prevails.

43.     The RAB Trade Secrets were knowingly acquired by GP Energy through improper means, including theft, misrepresentation, and breach of duty to maintain secrecy and were used in breach of an agreement, confidential relationship or other duty of secrecy governed by New York law.

44.     As a result of GP Energy's breach of contract and misappropriation of RAB Trade Secrets, RAB has suffered and will continue to suffer substantial damages and irreparable injury.

45.     RAB has no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to RAB.

46.     RAB cannot ascertain the precise amount of its damages at this time.

**FIRST CLAIM FOR RELIEF**
**INFRINGEMENT OF THE D'484 PATENT**
(Against All Defendants)

47.     Plaintiff repeats and realleges Paragraphs 1-46.

48.     Upon information and belief, the LED Parking Garage Light and LED Canopy Light made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'484 Patent as shown in the drawings contained therein.

49.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED Parking Garage Light and the LED Canopy Light made, used, imported, offered for sale or sold by Defendants are the same as the patented design of the D'484 Patent.

50.     Defendants have infringed and continue to infringe the D'484 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED Parking Garage Light and the LED Canopy Light.

51.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

SECOND CLAIM FOR RELIEF
INFRINGEMENT OF THE D'029 PATENT
(Against All Defendants)

52.     Plaintiff repeats and realleges Paragraphs 1-46.

53.     Upon information and belief, the LED Security Light made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'029 Patent as shown in the drawings contained therein.

54.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED Security Light made, used, imported, offered for sale or sold by Defendants is the same as the patented design of the D'029 Patent.

55.     Defendants have infringed and continue to infringe the D'029 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED Security Light.

56.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

THIRD CLAIM FOR RELIEF
INFRINGEMENT OF THE D'320 PATENT
(Against All Defendants)

57.     Plaintiff repeats and realleges Paragraphs 1-46.

58.     Upon information and belief, the LED Slim Wall Pack made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'320 Patent as shown in the drawings contained therein.

59.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED Slim Wall Pack made, used, imported, offered for sale or sold by Defendants is the same as the patented design of the D'320 Patent.

60.     Defendants have infringed and continue to infringe the D'320 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED Slim Wall Pack.

61.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

FOURTH CLAIM FOR RELIEF
INFRINGEMENT OF THE D'453 PATENT
(Against All Defendants)

62.     Plaintiff repeats and realleges Paragraphs 1-46.

63.     Upon information and belief, the LED High Bay Light made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'453 Patent as shown in the drawings contained therein.

64.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED High Bay Light made, used,

imported, offered for sale or sold by Defendants is the same as the patented design of the D'453 Patent.

66. Defendants have infringed and continue to infringe the D'453 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED High Bay Light.

66. As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

FIFTH CLAIM FOR RELIEF
INFRINGEMENT OF THE D'141 PATENT
(Against All Defendants)

67. Plaintiff repeats and realleges Paragraphs 1-46.

68. Upon information and belief, the LED Wall Pack made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'141 Patent as shown in the drawings contained therein.

69. An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED Wall Pack made, used, imported, offered for sale or sold by Defendants is the same as the patented design of the D'141 Patent.

70. Defendants have infringed and continue to infringe the D'141 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED Wall Pack.

71. As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

SIXTH CLAIM FOR RELIEF
INFRINGEMENT OF THE D'975 PATENT
(Against All Defendants)

72.     Plaintiff repeats and realleges Paragraphs 1-46.

73.     Upon information and belief, the Low Wattage LED Slim Wall Pack made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'975 Patent as shown in the drawings contained therein.

74.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the Low Wattage LED Slim Wall Pack made, used, imported, offered for sale or sold by Defendants is the same as the patented design of the D'975 Patent.

75.     Defendants have infringed and continue to infringe the D'975 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the Low Wattage LED Slim Wall Pack.

76.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

SEVENTH CLAIM FOR RELIEF
INFRINGEMENT OF THE D'147 PATENT
(Against All Defendants)

77.     Plaintiff repeats and realleges Paragraphs 1-46.

78.     Upon information and belief, the LED V-Line Flood Light made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'147 Patent as shown in the drawings contained therein.

79.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LED V-Line Flood Light made, used,

15

imported, offered for sale or sold by Defendants is the same as the patented design of the D'147 Patent.

80.     Defendants have infringed and continue to infringe the D'147 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED V-Line Flood Light.

81.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

EIGHTH CLAIM FOR RELIEF
INFRINGEMENT OF THE D'534 PATENT
(Against All Defendants)

82.     Plaintiff repeats and realleges Paragraphs 1-46.

83.     Upon information and belief, the LS Parking Garage Light made, used, imported, offered for sale or sold by Defendants is the same, or is substantially identical to, the design claimed in the D'543 Patent as shown in the drawings contained therein.

84.     An ordinary observer with an understanding of the relevant prior art in the lighting industry would be deceived into believing that the LS Parking Garage Light made, used, imported, offered for sale or sold by Defendants is the same as the patented design of the D'534 Patent.

85.     Defendants have infringed and continue to infringe the D'534 Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LS Parking Garage Light.

86.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

NINTH CLAIM FOR RELIEF
INFRINGEMENT OF THE '863 AIRFLOW PATENT
(Against All Defendants)

87.     Plaintiff repeats and realleges Paragraphs 1-46.

88.     The '863 Airflow Patent claims light fixture cooling features to minimize thermal conduction between the light emitter and light driver and maximize thermal convection cooling. Upon information and belief the LED V-Line Flood Light made, used, imported, offered for sale or sold by Defendants falls within the scope of at least claims 1-2, 4-11, 15-16, 18, and 20-25 of the '863 Airflow Patent as contained therein.

89.     Defendants have infringed and continue to infringe the '863 Airflow Patent in violation of 35 U.S.C. § 271 by making, using, importing, selling and/or offering to sell in the United States, the LED V-Line Flood Light.

90.     As a result of Defendants' acts of infringement, RAB has suffered and will continue to suffer damages in an amount to be proven at trial.

TENTH CLAIM FOR RELIEF
COMMON LAW BREACH OF CONTRACT
(Against GP)

91.     Plaintiff repeats and realleges Paragraphs 1-46.

92.     GP's conduct constitutes breach of contract in violation of the common law of the state of New York and such breach is willful and deliberate.

93.     As a direct and proximate result of GP's breach of contract, RAB has suffered damages in an amount to be determined at trial.

ELEVENTH CLAIM FOR RELIEF
MISAPPROPRIATION OF TRADE SECRETS
(Against GP)

94.     Plaintiff repeats and realleges Paragraphs 1-46.

95.     GP's conduct constitutes trade secret misappropriation in violation of the common law of the state of New York or an agreement and such misappropriation is willful and deliberate.

96.     As a direct and proximate result of GP's misappropriation of the RAB Trade Secrets, RAB has suffered damages in an amount to be determined at trial.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order:

A.     Finding that Defendants have infringed each of the Patents in violation of 35 U.S.C. § 271;

B.     Finding that Defendants' infringement of the Patents was willful and deliberate, and deeming this case exceptional under 35 U.S.C. § 285;

C.     Finding that GP has breached the Non-Disclosure Agreement;

D.     Finding that GP has misappropriated RAB Trade Secrets;

E.     Permanently enjoining Defendants, jointly and severally, and each of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns and all persons acting on behalf or at the direction of, or in concert or participation with, each of them, and any entity owned or controlled in whole or in part by any of the Defendants from:

i.     Taking any action constituting infringement of any of the Patents, and, specifically, from directly or indirectly making, using, selling, or offering for sale the Accused Products and any other products embodying the inventions of the Patents during their terms, without the express written authority of RAB;

ii.      Taking any action constituting or assisting in the misappropriation of RAB confidential information or RAB Trade Secrets, or further breaches of the Non-Disclosure Agreement;

F.      Directing GP to immediately deliver to RAB all materials received from RAB, all copies and electronic versions thereof, and all materials incorporating or embodying information or materials received from RAB including all tooling;

G.      Directing Defendants to deliver to RAB all of the Accused Products and all catalogs, advertising and other materials promoting the Accused Products;

H.      Directing Defendants to file with the Court and serve on RAB within thirty (30) days after entry of the Court's order a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the order;

I.      Awarding RAB damages in connection with Defendants' infringement of the Patents, together with interest and costs, and all other damages permitted under 35 U.S.C. § 284 and/or 35 U.S.C. § 289, in an amount not less than a reasonable royalty, including enhanced damages equal to three times the amount of assessed damages, and further including an accounting and award of Defendants' profits derived from their acts of infringement to the extent permitted by law;

J.      Awarding RAB damages for breach of the Non-Disclosure Agreement in an amount to be determined at trial;

K.      Awarding RAB damages for misappropriation of Trade Secrets in an amount to be determined at trial;

L.      Declaring this action to be "exceptional" under 35 U.S.C. § 285 and awarding RAB its costs, expenses and reasonable attorneys' fees for each claim of Patent infringement;

M.      Awarding RAB its costs and reasonable attorneys' fees pursuant to the

Non-Disclosure Agreement;

N.      Awarding RAB all such other and further relief as the Court deems just and

proper under the circumstances.

Respectfully submitted,

Dated:  April 25, 2016

EPSTEIN BECKER & GREEN, P.C.

By:*s/ Anthony J. Laura*
    Anthony J. Laura
One Gateway Center, 13th Fl.
Newark, New Jersey 07102
Phone (973) 642-1900
Fax (973) 642-0099
alaura@ebglaw.com

Attorneys for Plaintiff RAB Lighting, Inc.

Of Counsel:

SMITHAMUNDSEN, LLC

Constance R. Lindman, Esq. (*pro hac vice* intended)
SmithAmundsen, LLC
201 N. Illinois Street, Suite 1400
Indianapolis, IN 46204
Phone (317) 464-4100
Fax (317) 464-4101
clindman@salawus.com

Eric E. Lamb, Esq. (*pro hac vice* intended)
SmithAmundsen, LLC
201 N. Illinois Street, Suite 1400
Indianapolis, IN 46204
Phone (317) 464-4100
Fax (317) 464-4101
elamb@salawus.com

Attorneys for Plaintiff RAB Lighting Inc.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: April 25, 2016

EPSTEIN BECKER & GREEN, P.C.

By: *s/ Anthony J. Laura*
      Anthony J. Laura
One Gateway Center, 13th Fl.
Newark, New Jersey 07102
Phone (973) 642-1900
Fax (973) 642-0099
alaura@ebglaw.com

Attorneys for Plaintiff RAB Lighting, Inc.